UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAVID ANTOINE** | **CASE NO. 2:22-CV-04379** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 17] filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by defendant United Services Automobile Association ("USAA"). Plaintiff opposes the motion. Doc. 21.

I.
BACKGROUND

This suit arises from damage to plaintiff's home in Iowa, Louisiana, in Hurricanes Laura and Delta. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on August 25, 2022, raising claims of breach of insurance contract and bad faith against USAA under Louisiana law. He invoked the court's diversity jurisdiction under 28 U.S.C. § 1332, asserting that he was a citizen of Louisiana and USAA a citizen of Texas. The court stayed all suits filed by MMA in October 2022, after concerns of misconduct by those attorneys began to arise. Doc. 4.

On August 14, 2023, the court granted plaintiff's motion to substitute new counsel and the stay in this matter was lifted. Doc. 16. USAA then moved to dismiss the suit for lack of jurisdiction, arguing that there was no diversity of citizenship because USAA is

also counted as a citizen of Louisiana. Doc. 17. Plaintiff opposes the motion, arguing that diversity exists because USAA is domiciled in Texas. Doc. 21. Alternatively, he requests that the court transfer this matter to state court pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). *Id.*

## II.
## LAW & APPLICATION

### A. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015). Because the parties have submitted evidence outside the pleadings, this matter is a "factual" attack and the court will consider that evidence while resolving any disputed issues of fact. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### B. Application

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. § 1331 or § 1332. The burden of proving jurisdictional facts rests on the plaintiff. *Anderson v. Stoffle*, 339 F.2d 214, 214 (5th Cir. 1964).

There is no basis for jurisdiction under 28 U.S.C. § 1331, as plaintiff raises only state law claims. As for 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000.00. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, the court cannot exercise jurisdiction if any plaintiff is from the state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Here plaintiff has stated that he is a citizen of Louisiana and alleged that USAA was incorporated under the laws of Texas with its principal place of business in San Antonio. Doc. 1, ¶ 2. According to USAA's diversity jurisdiction disclosure statement, however, it is an unincorporated association serving as a reciprocal interinsurance exchange with members in every state. Doc. 19. An unincorporated association is a citizen of each state in which it has a member. *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991)). USAA is thus a citizen of every state, including Louisiana. *E.g.*, *Cruz v. USAA*, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021). The fact that USAA is domiciled in Texas has no bearing; federal courts have repeatedly upheld that unincorporated

associations are citizens of **every** state in which they have members and extended this holding to USAA. *E.g.*, *Rodriguez v. USAA Cas. Ins. Co.*, 2007 WL 9812999, at *3 (E.D. La. Dec. 5, 2007) ("United Services Automobile Association . . . has consistently been found to be an unincorporated association with Louisiana citizenship for purposes of determining diversity jurisdiction."); *see also Miles v. USAA*, 2023 WL 5974859, at *1 & n. 16 (E.D. La. Sep. 14, 2023) (collecting cases). Because plaintiff is also a citizen of Louisiana, there is no basis for the court's exercise of jurisdiction.

Plaintiff argues in the alternative that the court should transfer this matter to state court under 28 U.S.C. §§ 1404(a) and 1406(a). Those statutes allow a federal court to transfer a case in the interest of justice to another district or division where it might have been brought. As defendant points out, however, the transfer contemplated is only between federal courts. "Dismissal for lack of subject matter jurisdiction, as opposed to transfer to a state court or another federal forum, is the only appropriate result in this case." *Kier Bros. Investments Inc. v. White*, 943 F.Supp. 1, 4 (D.D.C. 1996).

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 17] will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on the 28th day of September, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE